UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLTON WILSON,

    Plaintiff,

v.                                  Case No.:   2:22-cv-1041-SPC-NPM

HAROLD F. PRYOR *et al.*,

    Defendants.
                                      /

## OPINION AND ORDER

Before the Court is Plaintiff Carlton Wilson's Complaint for Violation of Civil Rights (Doc. 1). Wilson—a prisoner of the Florida Department of Corrections—seeks monetary damages against four state officials under 42 U.S.C. § 1983. The Court granted Wilson leave to proceed *in forma pauperis*, so it must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Wilson's complaint is largely incomprehensible. As best the Court can tell, Wilson asserts his incarceration is unlawful because of an unexplained problem with his "not guilty" plea. The three handwritten pages attack the plea with inapplicable legal concepts, like eminent domain, unconscionable contracts, trespass, usurpation, and fraud. It does not make much sense.

Wilson also mentions that he was stabbed in 2021 while imprisoned in Mayo C.I., and that he suffered from medical negligence in 2024 at Charlotte C.I. But he mentions these incidents as injuries rather than independent claims.

Even if the complaint stated a coherent challenge to his conviction, it would not state a § 1983 claim Wilson can pursue in this Court. The first problem is venue. The proper venue for a § 1983 claim is the place where the events giving rise to the claim occurred or the place where the defendants reside. *See* 28 U.S.C. §1391(b). It is unclear what events gave rise to this action, but three of the four defendants are officials in Broward County. The Southern District of Florida is the proper venue to sue those defendants. If Wilson seeks to collaterally challenge his conviction, he should file a habeas petition in the place where he was convicted. That also appears to be Broward County. Venue could be proper here if Wilson challenged his imprisonment under 28 U.S.C. § 2241, but that does not appear to be the case.

The second problem is Wilson's choice of defendants. He cannot sue the Judge Maria Garcia-Wood or prosecutors Harold Pryor and Joel Silverstein. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288,

2

1295 (11th Cir. 2009). Wilson cannot sue Garcia-Wood, Pryor, or Silverstein for conduct stemming from their participation in state criminal proceedings.

A § 1983 challenge to Wilson's conviction is also barred by Supreme Court precedence. In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove the conviction or sentence was reversed or invalidated. 512 U.S. 477, 487 (1994). The Court explained:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*

The Supreme Court later clarified that a plaintiff "must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution" to avoid the *Heck* bar. *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). The criminal conviction that put Wilson in prison obviously

did not terminate in his favor, so he cannot recover damages based on the conviction.

For these reasons, this action cannot be salvaged with an amended complaint or a transfer to a different venue. If Wilson wants to challenge the legality of his incarceration, he should file a habeas petition in the district court serving the county of his conviction—presumably the Fort Lauderdale Division of the Southern District of Florida. If he wants to file a civil rights claim stemming from his incarceration, he should file a complaint in the district where the incident occurred. This is the proper venue for claims arising from Charlotte C.I., and claims arising from Mayo C.I. should be filed in the Gainesville Division of the Northern District of Florida.

Accordingly, it is now

**ORDERED:**

Plaintiff Carlton Wilson's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record